OPINION
Patrick W. Buckley appeals from his conviction in the Darke County Common Pleas Court of operating a motor vehicle while under the influence of alcohol having previously been convicted of three (3) or more similar violations within six years.
Buckley was convicted pursuant to his guilty plea on November 22, 1999. The judgment entry reflected that Buckley's plea was entered pursuant to an agreement that the State would make certain "specified recommendations in regards to sentencing."
Buckley signed a guilty plea form in which he acknowledged that the State had recommended that he receive a $1500 fine, 12 months in jail with 10 months suspended, license suspension for 5 years, vehicle forfeiture, and completion of a 26 week STOP program. The written plea agreement contained the following statement in bold letters:
 I ACKNOWLEDGE THAT ANY RECOMMENDATIONS BY THE ATTORNEYS IN THIS MATTER ARE NOT BINDING UPON THE COURT AND THAT THE JUDGE HAS FULL DISCRETION TO PRONOUNCE SUCH SENTENCE AS THE JUDGE MAY DETERMINE TO BE APPROPRIATE.
On January 7, 2000, the trial court denied Buckley's oral request to withdraw his plea and sentenced him to serve a year in the Darke County Jail, pay a fine of $750, and to have his driving privileges suspended for his lifetime. The trial court stated he had considered the pre-sentence investigation prepared by the Adult Probation Department. The court also stated that he found that a community control sanction would demean the seriousness of the offense and not adequately punish the defendant.
In his brief Buckley's counsel concedes the pre-sentence investigation revealed that Buckley had a battery and public intoxication conviction in Wayne County, Indiana in 1998, two operating while under influence convictions, an aggravated burglary conviction, and a corruption of minor conviction. Buckley's appellate counsel has filed an Anders brief and identified two possibly arguable issues.
Counsel suggests in the first assignment of error that the trial court may have erred in sentencing the defendant differently than recommended by the State in the plea agreement. We find no merit to this argument. The trial court clearly informed the defendant that the trial court would not be bound by any recommendations of counsel but that the court would decide the appropriate sentence. When a court forewarns a defendant it is not bound by recommendations of the prosecution, a court does not abuse its discretion in failing to follow that recommendation.State v. Darmour (1987), 38 Ohio App.3d 160. The first assignment of error is overruled.
In his second assignment of error, counsel contends the trial court may have erred in considering his out of state vehicular convictions and therefore abused its discretion in not abiding by the plea agreement. This assignment is without merit. As of September 17, 1996, out-of-state DUI convictions are counted as prior offenses. 1996 HB 353 eff. 9-17-96; also see Ohio Driving While Under the Influence Law, Painter and Looker, 1999 Ed. at 253. The second assignment of error is overruled.
We also see no plain error present in the trial court's refusal to grant Buckley's oral request to withdraw his guilty plea prior to his sentencing. The decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court.State v. Xie (1992), 62 Ohio St.3d 521 . We can find no abuse of discretion present in this record to disturb the trial court's ruling. The defendant was notified of his right to file his own brief but he failed to do so.
The judgment of the trial court will be Affirmed.
 _________________________ BROGAN, J.
WOLFF, J., and FAIN, J., concur.